IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNNI NOBLE, ) | |
| No. K92681, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00316-JPG |
| ) | |
| LT. McALLISTER, ) | |
| TRAVIS C. OCHS, and ) | |
| R. BAYLOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Sunni Noble is an inmate housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights stemming from two incidents where he allegedly injured by correctional officers.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the complaint, on May 11, 2014, Lt. McAllister had been using handcuffs and a long-chain to restrain Plaintiff.  McAllister uncuffed only Plaintiff's right arm and turned the long-chain over to C/O Ochs.  At some point Ochs pulled the long-chain with such force that Plaintiff's left arm, hand and nose were broken and his lip was "busted."  McAllister summoned medical assistance.

A nurse arrived and stated that Plaintiff should be re-cuffed with his hands in front, rather than in back, because Plaintiff's arm looked broken.  McAllister not only cuffed Plaintiff with his hands behind his back, he said that Plaintiff would have to submit a sick call slip in order to receive medical care.  The nurse stood by, merely shaking her head.

In what Plaintiff perceived to be an attempt to cover-up the incident, C/O Ochs filed a false disciplinary ticket against Plaintiff, asserting that Plaintiff had tried to take the restraints from him and charging Plaintiff with staff assault and making threats (*see* Doc. 1-2, p. 15). Although Plaintiff was initially convicted of the disciplinary offense, he states that the conviction was later expunged.

It is also alleged that on June 4, 2014, Lt. R. Baylor threatened, "You're Noble, I'll break your other f'ing arm," and then proceeded to choke Plaintiff, while Plaintiff was handcuffed (with one arm in a cast).  Plaintiff was rendered unconscious, only to regain consciousness aboard a bus headed to Logan Correctional Center.  The complaint also vaguely references Plaintiff receiving a head injury.

Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Lt. McAllister and C/O Ochs used excessive force against Plaintiff, in violation of the Eighth Amendment;**
>
> **Count 2: Lt. McAllister inflicted cruel and unusual punishment by re-cuffing Plaintiff with his hands behind his back, in violation of the Eighth Amendment;**
>
> **Count 3: Lt. McAllister was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment;**
>
> **Count 4: C/O Ochs falsely charged Plaintiff with a disciplinary infraction, in violation of the Due Process Clause of the Fourteenth Amendment; and**
>
> **Count 5: Lt. Baylor used excessive force against Plaintiff and failed to secure him medical care, all in violation of the Eighth Amendment.**

Plaintiff attached 29 pages of documentation to the complaint, most of which has nothing to do with the claims asserted in the complaint. Any intended claims that have not been recognized by the Court should be considered dismissed without prejudice as insufficiently pleaded.

## Discussion

### Counts 1-3

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). This protection prohibits the unnecessary and wanton infliction of pain without penological justification. *Whitman v. Nesic,* 368 F.3d 931, 934

(7th Cir. 2004) (quoting *Meriwether v. Faulkner,* 821 F.2d 408, 415 (7th Cir. 1987)).  The key question is whether the defendants used force not "in a good-faith effort to maintain or restore discipline," but instead acted "maliciously and sadistically to cause him harm." *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (citations omitted).

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  Even those not directly involved in providing medical care—"non-medical defendants"—can be liable.  *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

In any event, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  The *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983.  *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Count 1 stems from the incident where C/O Ochs allegedly jerked on the long-chain so hard that Plaintiff broke his arm and was otherwise injured.  Although Plaintiff faults Lt. McAllister for only releasing one of Plaintiff's arms before turning over the long-chain to Ochs, there is no reasonably apparent causal link to Ochs jerking the chain and Lt. McAllister.  McAllister lacks personal involvement in the alleged use of excessive force and he will be

dismissed from Count 1 without prejudice. Count 1 otherwise states a colorable claim against C/O Ochs.

Counts 2 and 3 are based on this same incident and state colorable Eighth Amendment claims against Lt. McAllister and shall proceed.

**Count 4**

Count 4 is premised upon the allegations that, having broken Plaintiff's arm, Ochs attempted a cover-up by issuing a false disciplinary report that depicted Plaintiff as being antagonistic and, presumably, explaining away how he was injured. Because it was not Ochs' decision to convict Plaintiff of the disciplinary charge, the Court has characterized the allegations as a Fourteenth Amendment due process claim, rather than an Eighth Amendment "cruel and unusual punishment" claim.

The fact that Plaintiff may have been issued a false disciplinary ticket, without more, does not give rise to a Fourteenth Amendment claim. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters,* 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir.1995) (citations omitted). Although Plaintiff was initially convicted, the charge was eventually expunged. Therefore, although the issuance of a false disciplinary charge is deplorable, no constitutional violation has occurred. Count 4 will be dismissed; out of an abundance of caution, dismissal shall be without prejudice.

**Count 5**

Count 5 pertains to the allegations that, about a month after Plaintiff's arm was broken, Lt. Baylor threatened to break Plaintiff's other arm and then proceeded to choke Plaintiff until he

was unconscious. Then, apparently, Plaintiff was placed on a transport bus without being given medical care.

The allegation that Baylor choked Plaintiff without provocation –*possibly* with some sort of connection to the initial incident with McAllister and Ochs—sufficiently states an Eighth Amendment excessive force claim. Although the allegation suggesting the denial of medical care is tenuously pleaded, given that Plaintiff was unconscious and suffering a head injury, the claim will be allowed to proceed.

Whether Count 5 is factually related to Counts 1-4 is a possibility the Court cannot entirely discount based on the relatively muddled complaint. Therefore, Count 5 will not be severed into a separate case at this time (which would require the payment of an additional filing fee).[1] However, Plaintiff is forewarned that, as the case progresses, it may become clear that severance is warranted. Plaintiff may preemptively amend the complaint to drop Count 5 and not incur an additional filing fee, but he must keep in mind that there is a two-year statute of limitations, so he would have to immediately file a new case if he wants to pursue the claim.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **LT. McALLISTER** is **DISMISSED without prejudice** from **COUNT 1**; **COUNT 1** shall otherwise **PROCEED** against Defendant **TRAVIS C. OCHS**.

---

[1] Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B).

**IT IS FURTHER ORDERED** that **COUNTS 2 and 3** shall **PROCEED** against Defendant **LT. MCALLISTER**.

**IT IS FURTHER ORDERED that COUNT 4** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED that COUNT 5** shall **PROCEED** against Defendant **R. BAYLOR**.

The Clerk of Court shall prepare for Defendants **LT. MCALLISTER, TRAVIS C. OCHS and R. BAYLOR**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's motion for service of process at government expense (Doc. 5) is therefore **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 20, 2016**

*s/J. Phil Gilbert*
**United States District Judge**
